IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| SIXTO "SAM" MORALES, | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-07-0599 |
| | § | |
| MERCK & CO., INC., *et al.*, | § | |
| Defendants. | § | |

# MEMORANDUM AND ORDER

This case is before the Court on Defendant Merck & Co., Inc.'s ("Merck's") Motion to Stay All Proceedings [Doc. # 3], to which Plaintiff Sixto "Sam" Morales has responded [Doc. # 11]. Plaintiff has also filed a Motion to Remand [Doc. # 12]. Plaintiff argues that the case should be remanded to state court, rather than stayed pending transfer to Multidistrict Litigation Case No. 1657, *In re VIOXX Prods. Liab. Litig.,* 360 F. Supp. 2d 1352 (J.P.M.L. 2005). Plaintiff, a citizen of the State of Texas, asserts that he has a viable cause of action against defendant Michael Murphy, a physician and citizen of Texas, under the doctrine of strict liability under § 402A of the Restatement (Second) of Torts, which has been adopted in Texas. Plaintiff cites *Rourke v. Gaza*, 530 S.W.2d 794 (Tex. 1975); *Darryl v. Ford Motor Co.*, 440 S.W. 2d 630 (Tex. 1969), and argues that Dr. Murphy allegedly engaged in the business of

introducing the product into channels of commerce by dispensing Vioxx samples to his patients, including Plaintiff.

There are a large number of cases in the Vioxx litigation that involve prescribing physicians and other healthcare providers similar to Dr. Murphy, and a motion to remand is filed in many of those cases. Recognizing that such a situation would exist, the Judicial Panel on Multidistrict Litigation noted specifically that "motions to remand . . . can be presented to and decided by the transferee judge." *See In re Vioxx Prods Liab. Litig.*, 360 F. Supp. 2d at 1354. As a result, the Court concludes that a stay of this case, including Plaintiff's pending Motion to Remand [Doc. # 6], is appropriate and will not prejudice the rights of any party to this lawsuit.

Plaintiff also argues that remand is appropriate because this case was improperly removed to the Houston Division of the Southern District of Texas in that the state case was filed in Nueces County, Texas, which is within the Corpus Christi Division of the Southern District of Texas, not the Houston Division. Plaintiff is correct that, technically, the proper division is the Corpus Christi Division. However, this clerical error is not grounds for remand under the circumstances presented. Plaintiff cites no authority requiring such a result and the Court exercises its discretion to deny the request. If the case is handled as part of the MDL, then the error is academic. Should the transferee federal court determine that remand is appropriate, the case will be

remanded to the Corpus Christi Division.

Accordingly, it is hereby

**ORDERED** that Merck's Motion to Stay All Proceedings Pending Transfer Decision by the Judicial Panel on Multidistrict Litigation [Doc. # 4] is **GRANTED** and this case is **STAYED and ADMINISTRATIVELY CLOSED** pending its transfer to MDL No. 1657. It is further

**ORDERED** that Plaintiff's Motion to Remand [Doc. # 12] is **DENIED**.

**SIGNED** at Houston, Texas, this **28th** day of **February, 2007.**

Nancy F. Atlas
United States District Judge